# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3153-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

M.J.A.-B.,

    Defendant-Appellant.

_____

> Submitted May 18, 2020 – Decided June 8, 2020
>
> Before Judges Geiger and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 12-06-0716.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Kristofher Ray Dayawoh Beralo, Designated Counsel, on the brief).
>
> Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Tiffany M. Russo, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant M.J.A.-B.[1] appeals from a January 9, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In June 2012, a Morris County Grand Jury returned an indictment charging defendant with twenty counts of first-degree aggravated sexual assault; seven counts of first-degree sexual assault; three counts of second-degree sexual assault; and five counts of second-degree endangering the welfare of a child. The charges alleged defendant repeatedly sexually assaulted his two adolescent daughters over the course of nine years.

In April 2013, defendant pleaded guilty to one count of first-degree aggravated sexual assault and one count of second-degree sexual assault in exchange for a sentencing recommendation of an aggregate consecutive prison term of fifteen to twenty years and dismissal of the remaining charges.

At the plea hearing, defendant provided a detailed factual basis for his plea. He admitted that on several occasions between August 4, 1999 and August

---

[1] We refer to the defendant and the victims by initials to protect the victims' privacy. R. 1:38-3(c)(9).

A-3153-18T3

2, 2002, he sexually assaulted his daughter, K.A.,[2] who was then less than thirteen years old. Defendant also admitted that on several occasions between November 15, 2004 and November 14, 2008, he sexually penetrated his other daughter, J.A., who was then between the ages of thirteen and sixteen.

The plea judge asked defendant, "[d]id you commit the offenses to which you are pleading guilty," to which he responded, "[y]es." When asked if he understood "what the charges mean," defendant responded, "[y]es." Defendant also acknowledged that he was waiving his "right to have a jury trial," "remain silent," and "confront witnesses against" him. Finally, defendant affirmed that he had sufficient time preparing with his attorney; she answered all of his questions to his satisfaction; and he was "[v]ery satisfied" with her services.

The plea judge found defendant entered the pleas freely and voluntarily without threats, outside promises or inducements. He further found defendant provided a factual basis for the pleas and understood "the nature of the charges [and] the consequence of the plea."

On August 22, 2013, defendant was sentenced in accordance with the plea agreement to a thirteen-year prison term for the first-degree sexual assault,

---

[2] We refer to the defendant and the victims by initials to protect the victims' privacy. R. 1:38-3(c)(9).

subject to the parole ineligibility and mandatory parole supervision requirements of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, parole supervision for life, N.J.S.A. 2C:43-6.4, and compliance with Megan's Law, N.J.S.A. 2C:7-2. Defendant was sentenced to a consecutive seven-year NERA term for the second-degree sexual assault, subject to community supervision for life,[3] N.J.S.A. 2C:43-6.4, and Megan's Law. Defendant was also ordered to pay appropriate fines and assessments.

In reaching this decision, the sentencing judge found aggravating factors three (risk of re-offense) and nine (need for deterrence). N.J.S.A. 2C:44-1(a)(3), (9). He also found mitigating factor seven (no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period) but "put little weight on it." N.J.S.A. 2C:44-1(b)(7). The judge determined the aggravating factors "substantially preponderate over the mitigating factor."

Regarding consecutive sentencing, the judge concluded this "is certainly not a case where it would be appropriate to run [defendant's sentences] concurrent." He noted "there were two separate victims" and each "suffered

---

[3] Defendant was sentenced to community supervision for life for his crimes against K.A. because they occurred prior to the effective date of a 2003 amendment to N.J.S.A. 2C:43-6.4 that replaced community supervision for life with parole supervision for life. State v. Perez, 220 N.J. 423, 429, 437 (2015) (citing L. 2003, c. 267, §§ 1, 2 (eff. Jan. 14, 2004)).

significant injuries at the hand of the defendant. Moreover, as admitted by [defendant], this was not one act of abuse, but rather an abuse that took place over a number of years, and on repeated occasions."

Defendant appealed his sentence before an Excessive Sentence Oral Argument calendar (ESOA) pursuant to Rule 2:9-11. Appellate counsel argued that the sentencing court should have considered mitigating factor four, claiming there were substantial grounds tending to excuse defendant's conduct. He also contended defendant's crimes were the product of a sexual compulsion that he was unable to control and asserted that the sentencing judge erred by giving mitigating factor seven minimal weight even though defendant had no prior record. Appellate counsel advocated that the aggregate sentence should have been fifteen years if the mitigating factors were properly considered and weighted.

Appellate counsel further argued that the sentences should have run concurrently rather than consecutively because sexual compulsion drove defendant to commit the offenses; the crimes were committed during the same approximate time period; and each crime had the same objective. We affirmed the sentence, finding it was "not manifestly excessive," "unduly punitive," nor "an abuse of discretion."

On June 6, 2018, defendant filed a pro se petition for PCR and later supplemented it with a certification, all of which were incorporated into his appointed PCR counsel's brief. Defendant claimed trial counsel was ineffective because she: (1) failed to effectively argue against the illegal aspects of his sentence; (2) did not provide him with full discovery; (3) visited with him only four times; (4) did not properly investigate his case; and (5) advised him that he would "likely get a [fifteen-year] term or a concurrent sentence." Defendant claimed appellate counsel was ineffective because he "did not address the ineffective claims and violations of [defendant's] rights at the trial level" and "failed to effectively argue against the illegal aspects of [defendant's] sentence."

Judge Thomas J. Critchley, Jr. presided over the PCR proceeding. Following oral argument, he issued an oral decision and order denying PCR without an evidentiary hearing. The judge carefully reviewed the plea agreement, plea hearing, and defendant's certification. He found no evidence that trial or appellate counsel's "performance was deficient in any objective way." The judge rejected defendant's claims that counsel failed to properly investigate the case or review discovery. The judge concluded the evidence against defendant was substantial and that additional investigation would not have changed the outcome of the case.

A-3153-18T3

The judge found defendant's testimony during the plea hearing—that he was satisfied with trial counsel's efforts—to be credible and noted "defendant actually complimented her for her performance." The judge also noted that even if it were assumed that counsel's performance was in some way ineffective, there was no evidence in the record that, but for counsel's errors, the result of the proceeding would have been different.

Regarding defendant's consecutive sentences, Judge Critchley found that the sentencing court "fashioned a sentence within the allowable range of the Plea Agreement." He noted that defendant's crimes against separate victims supported imposition of consecutive sentencing, as did the number of incidents, which occurred over a period of years. The judge concluded that there was no factual or legal support for the argument that defendant's sentence was "internally inconsistent."

This appeal followed. Defendant raises the following points for our consideration:

> POINT ONE
>
> THE DEFENDANT'S CLAIMS ARE NOT BARRED BY THE PROVISIONS OF [RULE] 3:22 AS THEY ASSERT CONSTITUTIONAL ISSUES ARISING UNDER THE STATE AND FEDERAL CONSTITUTION.

7

POINT TWO

THE COURT ERRED IN NOT ALLOWING THE DEFENDANT AN EVIDENTIARY HEARING OR GRANTING HIS APPLICATION FOR POST-CONVICTION RELIEF.

POINT THREE

THE COURT'S RULING DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED BECAUSE THE DEFENDANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

    A.  Trial Counsel Was Ineffective Due to Her Failure to Investigate.

    B.  Trial Counsel Failed to Consult with the Defendant in a Meaningful Manner.

POINT FOUR

THE COURT'S RULING DENYING POST-CONVICTION RELIEF VIOLATED THE DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION.

## II.

We review de novo the PCR court's factual findings made without an evidentiary hearing. State v. Harris, 181 N.J. 391, 421 (2004). We also owe no deference to the trial court's conclusions of law. Ibid. Applying this standard

of review, we find no merit in defendant's arguments and affirm substantially for the cogent reasons expressed by Judge Critchley in his comprehensive January 9, 2019 oral decision. We add the following comments.

We apply the familiar two-pronged Strickland standard to determine whether defendant has shown that (1) his counsel's performance was so deficient that it "fell below an objective standard of reasonableness," and (2) there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); accord State v. Fritz, 105 N.J. 42, 49-50 (1987) (adopting the Strickland standard in evaluating ineffective assistance of counsel claims).

When a guilty plea is involved, a defendant must satisfy two criteria to set it aside due to ineffective assistance of counsel. State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009). The defendant must demonstrate that "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" Ibid. (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)); accord Hill v. Lockhart, 474 U.S. 52, 59

(1985). "A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Strickland, 466 U.S. at 694.

Defendant bears the burden to establish a prima facie case for PCR. State v. Gaitan, 209 N.J. 339, 350 (2012). We consider defendant's "contentions indulgently and view the facts asserted . . . in the light most favorable to him." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). However, we require a petitioner to state "with specificity the facts upon which the claim for relief is based." R. 3:22-8. "[A] petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170.

Judge Critchley's findings are fully supported by the record and his conclusions are consistent with applicable legal principles. Trial counsel informed defendant that she was not promising him that he would receive less than a twenty-year prison term. Defendant was then informed at the plea hearing that his guilty plea would result in consecutive sentences and up to twenty years imprisonment subject to parole ineligibility under NERA. The plea judge made clear that "there is no guarantee that you will get less" than a twenty-year sentence. Despite that knowledge, defendant stated under oath that he

10

understood, wanted to proceed, and was sentenced in accordance with the plea agreement.

We are unpersuaded by defendant's remaining ineffective assistance of trial counsel claims. Defendant was facing thirty-five counts charging numerous first and second-degree crimes. The evidence against him was substantial. The record amply supports Judge Critchley's conclusion that even if trial counsel's performance was somehow deficient, defendant failed to satisfy the second prong of <u>Strickland</u>.

Defendant's claim of ineffective assistance of appellate counsel is also without merit. Defendant's sentence on each count fell within the ranges permitted under the Criminal Code and were not illegal. Only an illegal sentence that exceeds the maximum penalty allowed by the Code or that is not in accordance with law is cognizable on PCR. Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 3 on <u>R.</u> 3:22-2 (2020) (citing <u>State v. Acevedo</u>, 205 N.J. 40, 45, 47 (2011)); <u>see also</u> <u>State v. Flores</u>, 228 N.J. Super. 586, 595 (App. Div. 1988) (claim of excessive sentencing not cognizable in PCR proceeding). Moreover, as we have noted, appellate counsel raised several sentencing issues on direct appeal, which we considered but still affirmed. <u>See</u> <u>R.</u> 3:22-5 ("A prior adjudication upon the merits of any ground for relief is conclusive . . . .").

As to defendant's argument that appellate counsel should have raised trial counsel's alleged ineffectiveness, those claims "are more appropriately raised in collateral, post-conviction relief proceedings" rather than on direct appeal, "'because such claims involve allegations and evidence that lie outside the trial record.'" State v. Johnson, 365 N.J. Super. 27, 34 (App. Div. 2003) (quoting State v. Preciose, 129 N.J. 451, 460 (1992)). Such was the case here, making it an improvident argument for appellate counsel to raise on direct appeal.

Defendant claims the PCR judge erred by denying his petition without an evidentiary hearing. We disagree. A defendant is entitled to an evidentiary hearing only upon establishing a prima facie case in support of PCR. R. 3:22-10(b). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." Ibid.; see also Preciose, 129 N.J. at 463. This requires satisfying both prongs of the Strickland test.

Judge Critchley properly concluded that defendant did not establish a prima facie case for PCR because he could not satisfy the second prong of the Strickland test. Accordingly, he correctly determined that an evidentiary hearing was not required.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3153-18T3